Christopher Heffelfinger (SBN 118058)
Anthony D. Phillips (SBN 259688)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Phone: (415) 433-3200
Fax: (415) 433-6382
Email: cheffelfinger@bermandevalerio.com
            aphillips@bermandevalerio.com

*Liaison Counsel for Proposed Lead Plaintiff Thomas Burriss*
*and Proposed Liaison Counsel for the Class*

Lester L. Levy
James Kelly
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile:  (212) 486-2093
E-mail:  IRRep@wolfpopper.com

*Attorneys for Proposed Lead Plaintiff Thomas Burriss*
*and Proposed Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE BONATO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> YAHOO! INC., CAROL A. BARTZ, and JERRY YANG, <br><br> Defendants. | Case No. CV-11-02732 CRB <br><br> **NOTICE OF MOTION AND MOTION OF THOMAS BURRISS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    Friday, September 9, 2011 <br> Time:   10:00 a.m. <br> Judge:  Charles R. Breyer <br> Ctrm:   6 |

Doc.

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on September 9, 2011, at 10:00 a.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Charles R. Breyer, situated at 450 Golden Gate Avenue, San Francisco, CA 94102, Thomas Burriss will move, and hereby does move, for an order (a) appointing Mr. Burriss as lead plaintiff, and (b) approving Mr. Burriss' selection of Wolf Popper LLP as lead counsel for the Class and Berman DeValerio as liaison counsel.

Movant seeks appointment as lead plaintiff and approval of lead counsel pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the declaration of Lester L. Levy and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a class action brought on behalf of all persons or entities who purchased or otherwise acquired Yahoo! Inc. ("Yahoo" or the "Company") securities on the NASDAQ ("NASDAQ") (the "Class") during the period April 19, 2011 through May 13, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act. Named as defendants are Yahoo and certain of its directors and executive officers.

Defendant Yahoo is a Delaware corporation with its headquarters located in Sunnyvale, California. Yahoo, together with its consolidated subsidiaries, is a premier digital media company that delivers personalized digital content and experiences, across devices and around the globe, to vast audiences.

The Complaint in this action alleges that throughout the Class Period the defendants made false and/or misleading statements and omitted material adverse facts about Alipay, a company partially owned by Yahoo through Yahoo's ownership stake in Alibaba Group Holdings Limited Alibaba. Alibaba is a Chinese equivalent of Ebay and Alipay is a Chinese equivalent of Paypal. Specifically, the Complaint alleges that defendants made false and/or misleading statements and/or omitted, among others, the following material facts: (1) Yahoo management had been informed on

1   March 31, 2011, at the latest, that Alipay's structure had been shifted from Alibaba, reducing the

2   value of Yahoo's investment in Alibaba by billions of dollars; and (2) Chinese regulations regarding

3   foreign ownership had been anticipated to change as far back as 2009, which would require Yahoo

4   or Alibaba to divest themselves of Alipay, but Yahoo had failed to develop a strategy to recover the

5   value it had in Alibaba.  As a result of the above, the Complaint alleges, the Company's securities

6   traded at artificially inflated prices during the Class Period.

7       Yahoo investors were shocked to learn that Alipay had been transferred to Alibaba's CEO.

8   According to news reports, Alibaba received only $46 million for Alipay's assets, which securities

9   analysts valued at $5 billion.  When the market learned of Alipay's transfer and that Yahoo knew,

10  but failed to disclose to investors the truth about the transfer, Yahoo's share price fell 15%, from a

11  class period high of $18.65 to $15.81.

12                          **PROCEDURAL HISTORY**

13      On June 6, 2011, Vince Bonato commenced this action, and on that same date counsel for

14  Mr. Bonato published a notice of the pendency of the case on *Business Wire*, a widely circulated

15  national business-oriented wire service.  *See* Declaration of Lester L. Levy in Support of Motion of

16  Thomas Burriss for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Levy

17  Declaration") at Exhibit A.  The Complaint alleged the facts described above and set forth the legal

18  basis for plaintiff's claims, specifically Sections 10(b) and 20(a) of the Exchange Act, as amended

19  by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the

20  Securities and Exchange Commission, 17 C.F.R. 10b-5.

21      Mr. Burriss brings the instant motion for, *inter alia*, appointment as lead plaintiff pursuant

22  to the Complaint and notice of pendency, and files this Motion prior to the expiration of the 60-day

23  period from publication of Mr. Bonato's June 6, 2011 notice.

24                              **ARGUMENT**

25      **A. Mr. Burriss Should Be Appointed Lead Plaintiff**

26      Section 21(D)(a)(3)(B) of the PSLRA provides the procedure for selecting a Lead Plaintiff

27  in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion

28  to serve as lead plaintiff filed by class members in response to a published notice of class action by

1    the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after

2    the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA

3    provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is

4    the person that:

5        (aa) has either filed the complaint or made a motion in response to a notice. . .;
         (bb) in the determination of the Court, has the largest financial interest in the relief
6        sought by the class; and
         (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
7        Procedure.

8    15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

9        As set forth below, Mr. Burriss satisfies all three criteria, and thus is entitled to the

10   presumption that he is the "most adequate plaintiff."

11       **1. Mr. Burriss Has Moved To Be Appointed Lead Plaintiff**

12       Mr. Burriss files the instant motion in response to the published notice of this class action

13   and submits herewith his sworn certification attesting that he is a Class member, desires to serve as

14   a representative of the Class, and is willing to provide testimony at deposition and trial, if necessary.

15   *See* Levy Declaration, Exhibit B.

16       Accordingly, Mr. Burriss satisfies the requirement of making a motion in response to a

17   published notice.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

18       **2. Mr. Burriss Has The Largest Financial Interest Submitted By A Plaintiff For The
     Class**
19

20       In accordance with the PSLRA, a court shall adopt the rebuttable presumption that "the most

21   adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in

22   the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

23       During the Class Period, Mr. Burriss purchased shares of Yahoo stock at a price alleged to

24   be artificially inflated by defendants' materially false and misleading statements and omissions and,

25   as a result, Mr. Burriss has suffered a loss of $19,340.  *See* Levy Declaration, Exhibit C.

26       To the best of his knowledge, Mr. Burriss believes that he has the largest known financial

27   interest of any Class member in this case who timely filed an application for appointment as lead

28

1   plaintiff, and thus satisfies the largest financial interest requirement to be appointed lead plaintiff for

2   the Class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

3   **3. Mr. Burriss Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

4

5           Section 21(D)(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to

6   possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

7   "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a)

8   provides that a party may serve as a class representative if the following four requirements

    are satisfied:
9
            (1) the class is so numerous that joinder of all members is impracticable, (2) there are
10          questions of law and fact common to the class, (3) the claims or defenses of the
            representative parties are typical of the claims or defenses of the class, and (4) the
11          representative parties will fairly and adequately protect the interest of the class.

12   Fed. R. Civ. P. 23(a).

13          In determining that a lead plaintiff movant satisfies the requirements of Rule 23, the Court

14   need not raise its inquiry to the level required in ruling on a motion for class certification.  A prima

15   facie showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient.  *In re*

16   *Cavanaugh*, 306 F.3d 726, 720 (9th Cir. 2002).  Consequently, courts limit their inquiry to the

17   typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements

18   until class certification.  *Curry v. Hansen Medical, Inc.*, No. 5:09-cv-05094-JF(HRL), 2010 WL

19   702432, at *2 (N.D. Cal. Feb. 25, 2010) ("Because failure to satisfy prongs (1) or (2) [of Rule 23]

20   would preclude certifying a class in the first instance, [the Court's assessment of a lead plaintiff

21   motion] focuses on typicality and adequacy"); *City of Harper Woods Employees Retirement System*

22   *v. AXT, Inc.*, No. 04-04362-MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) ("When a court

23   assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy

24   requirements of Rule 23").  Mr. Burriss satisfies both the typicality and adequacy requirements of

25   Rule 23, thereby justifying his appointment as Lead Plaintiff for the Class.

26          **a. Mr. Burriss' Claims Are Typical**

27          The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the

28   same event, practice or course of conduct that gives rise to other class members' claims and

1    plaintiff's claims are based on the same legal theory.  *See Hanon v. Dataproducts Corp.*, 976 F.2d

2    497, 508 (9th Cir. 1992).

3        Here, Mr. Burriss' claims are typical of the claims asserted by the Class.  Mr. Burriss, as do

4    all members of the Class, alleges that defendants violated the Exchange Act by publicly

5    disseminating a series of false and misleading statements concerning Yahoo's Asian assets.  Mr.

6    Burriss, as did all members of the Class, purchased Yahoo shares during the Class period at a price

7    artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby.

8    Thus, Mr. Burriss' claims are closely aligned with other Class members', and are, therefore, typical

9    of the other members of the Class.

10        **b. Mr. Burriss Is An Adequate Representative**

11        The Rule 23(a) adequacy of representation requirement is satisfied where it is established a

12    representative party "will fairly and adequately protect the interest of the class."

13    Accordingly:

14        The Ninth Circuit has held that representation is "adequate" when counsel for the
         class is qualified and competent, the representative's interests are not antagonistic to

15        the interests of absent class members, and it is unlikely that the action is collusive.

16    *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (citing *In re Northern Dist. Of Cal.,*

17    *Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).  The class representative

18    must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Tanne*,

19    226 F.R.D. at 667 (citation omitted).

20        Mr. Burriss has demonstrated his adequacy as the lead plaintiff by evincing a strong desire

21    to prosecute this action on behalf of the Class, and has shown that he is willing and able to take an

22    active role in and control the litigation.  Mr. Burriss has communicated with experienced counsel

23    concerning the initiation of this case and has made this Motion to be appointed lead plaintiff.  Mr.

24    Burriss is not aware of any antagonism between his interests and those of other Class members.

25    Moreover, Mr. Burriss has sustained substantial financial losses – in the amount of $19,340 – from

26    his investment in Yahoo securities and is, therefore, motivated to pursue the claims in this action.

27    *See* Levy Declaration, Exhibit C.

28

**4. Mr. Burriss Is Presumptively the Most Adequate Lead Plaintiff**

The presumption in favor of appointing Mr. Burriss as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

The presumption that Thomas Burriss is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Mr. Burriss believes that he has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. Mr. Burriss' ability to fairly and adequately represent the Class is discussed above. Mr. Burriss is not aware of any unique defenses defendants could raise against him that would render Mr. Burriss inadequate to represent the Class. In addition, as discussed below, Mr. Burriss has selected and retained competent and experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.*, No. C0606304RMW, 2007 WL 1129344, at *4-5 (N.D. Cal. April 16, 2007) ("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."). Accordingly, Thomas Burriss should be appointed lead plaintiff for the Class.

**B. Mr. Burriss' Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh*, 306 F.3d at 733. In the instant case, Mr. Burriss has retained Wolf Popper LLP to pursue this litigation on his behalf. Mr. Burriss has also retained Berman DeValerio as liaison counsel. Wolf Popper LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm résumé attached to the Levy Declaration as Exhibit D. Similarly, Berman

1  DeValerio has an outstanding reputation for prosecuting securities class actions. *See* Levy

2  Declaration, Exhibit E. Thus, the Court may be assured that, by granting Plaintiff's motion, the

3  Class will receive the highest caliber of legal representation.

4  **CONCLUSION**

5  For the foregoing reasons, Mr. Burriss respectfully asks the Court to grant his Motion and

6  enter an Order (a) appointing Thomas Burriss as lead plaintiff, and (b) approving his selection of

7  Wolf Popper LLP as Lead Counsel and Berman DeValerio as Liaison Counsel, and granting such

8  other relief as the Court may deem just and proper.

9

10 Dated: August 5, 2011

11

12                              **BERMAN DEVALERIO**

13

14                              By _____
                                        Anthony D. Phillips

15                              Christopher T. Heffelfinger
16                              One California Street, Suite 900
                                San Francisco, CA 94111
17                              Phone: (415) 433-3200
                                Fax: (415) 433-6382
18                              Email: aphillips@bermandevalerio.com
                                       cheffelfinger@bermandevalerio.com

19                              *Liaison Counsel for Proposed Lead Plaintiff*
20                              *Thomas Burriss and Proposed Liaison Counsel*
                                *for the Class*

21

22                              Lester L. Levy
                                James Kelly
23                              **WOLF POPPER LLP**
                                845 Third Avenue
24                              New York, New York 10022
                                Telephone: (212) 759-4600
25                              Facsimile: (212) 486-2093
                                E-mail: IRRep@wolfpopper.com

26                              *Attorneys for Proposed Lead Plaintiff Thomas*
27                              *Burriss and Proposed Lead Counsel*

28

[CV-11-02732 CRB] NOT. OF MO. & MO. FOR APPOINTMENT OF LEAD PL. & LEAD COUNSEL          7