SCOTT+SCOTT LLP
HAL D. CUNNINGHAM (243048)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone:  (619) 233-4565
Facsimile:  (619) 233-0508
hcunningham@scott-scott.com

– and –

JOSEPH D. COHEN (CA #155601)
JOSEPH P. GUGLIELMO (*pro hac vice* forthcoming)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone:  212-233-6444
Facsimile:  212-223-6334
jcohen@scott-scott.com
jguglielmo@scott-scott.com

*Counsel for Proposed Lead Plaintiff*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCE BONATO, On Behalf of Himself and All Others Similarly Situated, | No.  3:11-cv-02732 - CRB |
| Plaintiff, | NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF |
| vs. | |
| YAHOO! INC., CAROL A. BARTZ, and JERRY YANG, | |
| Defendants. | Date:  September 9, 2011 |
| | Time:  10:00 a.m. |
| | Courtroom:  6, 17th Floor |
| | Hon. Charles R. Breyer |
| | |
| | ORAL ARGUMENT REQUESTED |

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

3:11-cv-02732-CRB

1

## TABLE OF CONTENTS

2  NOTICE OF MOTION AND MOTION ....................................................................................1

3  MEMORANDUM OF LAW ...............................................................................................1

4  I.      INTRODUCTION ...................................................................................................1

5  II.     PRELIMINARY STATEMENT ..............................................................................3

6  III.    FACTUAL BACKGROUND ...................................................................................3

7  IV.     ARGUMENT ..........................................................................................................4

8          A.      Movant Should Be Appointed as Lead Plaintiff.......................................4

9                  1.      Movant's Motion Is Timely ...........................................................4

10                 2.      Movant Believes that He Possesses the Largest Financial Stake in
11                         the Relief Sought by the Class.........................................................5

                   3.      Movant Is Otherwise Qualified Under Rule 23 ..............................5
12
           B.      The Court Should Approve Movant's Choice of Counsel.........................7
13
   V.      CONCLUSION........................................................................................................9
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that putative class member Alan Hertz ("Movant") will hereby move this Court in the courtroom of the Honorable Charles R. Breyer at the United States District Courthouse, Northern District of California, San Francisco Division, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, on September 9, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard, for an order appointing Movant as lead plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, and approving his selection of Scott+Scott LLP ("Scott+Scott") as lead counsel for the putative class.

This timely-filed motion is made on the ground that Movant is the most adequate lead plaintiff.  As demonstrated herein, Movant has the largest financial interest in the relief sought by the class, and meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, pursuant to the applicable standards, the Court should appoint Movant Lead Plaintiff and approve his selection of Scott+Scott to serve as lead counsel for the putative class.

This motion is based on this notice of motion and memorandum of law, the Declaration of Joseph D. Cohen ("Cohen Decl.") in support thereof, the pleadings and other files and records in this action and such other written or oral argument as may be presented to the Court.

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

This case is a class action that alleges violations of the federal securities laws.  Pursuant to the PSLRA, the Court is required to appoint as lead plaintiff the movant with the largest financial interest in the litigation who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Movant respectfully submits this memorandum in support of his motion to be appointed lead plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA, and for approval of his selection of the law firm of Scott+Scott as lead counsel for the class.

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL                    1

3:11-cv-2732-CRB

1    The PSLRA establishes a three-step procedure for the selection of a lead plaintiff to oversee a

2    class action brought under the federal securities laws. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th

3    Cir. 2002). First, §27(a)(3)(A)(i) provides that within 20 days after the date on which a securities

4    fraud class action is filed, the initial plaintiff is required to publish a notice advising potential class

5    members of the pendency of the action, the claims, the purported class period, and that any member

6    of the class may file a motion with the Court to serve as lead plaintiff no later than 60 days from the

7    publication of that notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice in this action was first published on

8    June 6, 2011. *See* Cohen Decl., Ex. A.

9    Second, §21D(a)(3)(B)(i) directs this Court to consider any motions brought by class

10    members seeking to be appointed as lead plaintiff no later than 90 days after publication of the

11    notice. Under this provision of the Exchange Act, the Court shall appoint the "most adequate

12    plaintiff" to serve as lead plaintiff for the class. The Exchange Act provides that the Court shall

13    presume the lead plaintiff to be the person (or group of persons) who: (1) has either filed a

14    complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in

15    the relief sought"; and (3) satisfies the typicality and adequacy requirements of Federal Rule of Civil

16    Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

17    Finally, after the presumptive lead plaintiff has been identified, other class members have "an

18    opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and

19    adequacy requirements." *Cavanaugh*, 306 F.3d at 730.

20    Application of these standards makes clear that Movant is "the most adequate plaintiff," and

21    that he should be appointed to serve as lead plaintiff. As an initial matter, Movant believes that he

22    has the largest financial interest in the relief sought in this action by virtue of his $99,530.30 loss

23    stemming from his purchases of Yahoo! Inc. ("Yahoo" or the "Company") securities during the time

24    period extending from April 19, 2011 through May 13, 2011, inclusive (the "Class Period"). *See*

25    Cohen Decl., Ex. B. Moreover, Movant shares a commonality of interests with all other class

26    members because he purchased Yahoo securities on the open market during the Class Period. Cohen

27    Decl., Ex. C. He has also demonstrated, through his selection of experienced and dedicated counsel,

28

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD          2
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

3:11-cv-2732-CRB

1  that he is fully capable of supervising this litigation. Cohen Decl., Ex. D. Thus, Movant satisfies the

2  typicality and adequacy requirements of Rule 23.

3         Assuming the Court appoints Movant to serve as lead plaintiff, it should also approve

4  Movant's selection of Scott+Scott to serve as lead counsel. Scott+Scott has extensive experience in

5  the prosecution of securities class actions and will adequately represent the interests of all class

6  members as lead counsel. *See* Cohen Decl., *id*.

7                    **II.      PRELIMINARY STATEMENT**

8         Presently pending before this Court is the above-captioned action (the "Action") brought on

9  behalf of a class of purchasers of Yahoo securities. The Action alleges violations of Sections 10(b)

10  and 20(a) of the Exchange Act and SEC Rule 10b-5 by Yahoo and certain of the Company's officers

11  and/or directors (hereinafter referred to collectively as "Defendants"). Specifically, the Action

12  alleges that plaintiff and the putative class purchased or otherwise acquired Yahoo securities at

13  artificially inflated prices during the Class Period as a result of Defendants' allegedly false and

14  misleading statements and/or omissions.

15                    **III.      FACTUAL BACKGROUND**

16         Yahoo operates as a digital media company that delivers personalized digital content and

17  experiences worldwide. In 2005, Yahoo invested $1 billion for a 40% interest in Alibaba Group

18  Holdings Limited ("Alibaba"), China's largest e-commerce company. Yahoo also turned over

19  operation of Yahoo China to Alibaba. One of Alibaba's most valuable assets is Alipay, a company

20  that allows customers to purchase goods over the internet, much like the PayPal function on EBay.

21  Some analysts have valued Alipay as being worth over $5 billion.

22         The complaint in this Action alleges that during the Class Period, Defendants issued

23  materially false and misleading statements and/or omitted to disclose material facts. Specifically,

24  Defendants failed to disclose that Alipay had been transferred to an entity controlled by Alibaba's

25  Chairman, Jack Ma, for $46 million – a fraction of its actual value. As a result of Defendants' false

26  statements and omissions, Yahoo's stock traded at artificially inflated prices during the Class Period,

27  reaching a high of $18.65 per share on May 6, 2011. On May 12, 2011, Defendants issued a press

28

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL                    3

3:11-cv-2732-CRB

1   release in which they admitted that Yahoo's management had been informed on March 31, 2011, of

2   the transfer of ownership of Alipay in August of 2010.  According to Alibaba, however, Defendants

3   knew much earlier.  In a press release on May 13, 2011, the last day of the Class Period, Alibaba

4   stated that Defendants had been told long before March 31, 2011, that Alipay had been transferred to

5   Chinese ownership.  As a result of these revelations, Yahoo stock traded on unusually high volume

6   on May 13, 2011, and closed at $16.55, a substantial drop from its Class Period high of $18.65.

## IV.        ARGUMENT

### A.        Movant Should Be Appointed as Lead Plaintiff

#### 1.        Movant's Motion Is Timely

10  The plaintiff who files the initial action must publish a notice to the class within 20 days of

11  filing the action informing class members of their right to file a motion for appointment as lead

12  plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  On June 6, 2011, a notice of pendency of this class action

13  was published by the plaintiff via *Business Wire*, a company that disseminates full-text news releases

14  from thousands of companies and organizations worldwide to news media, financial markets,

15  disclosure systems, investors, information websites, databases and other audiences; providing the

16  requisite notice as required by the Exchange Act.  Cohen Decl., Ex. A.  Because notice was

17  published on *Business Wire* within 20 days of the Action being filed, notice was timely.  *See* 5 James

18  Wm. Moore, MOORE'S FEDERAL PRACTICE, §23.191[2] at 23-613 (3rd ed. 1999) ("a press release on

19  *Business Wire*, which disseminates the information electronically to the news media, on-line

20  services, and computer databases available to the investment community, satisfies the early notice

21  requirement").

22  Class members seeking appointment as lead plaintiff in this Action must make a motion

23  within 60 days from June 6, 2011 (*i.e.*, August 5, 2011).  15 U.S.C. §78u-4(a)(3)(B)(i).  Since

24  Movant's motion was filed by August 5, 2011, it is timely.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).

### 2.      Movant Believes that He Possesses the Largest Financial Stake in the Relief Sought by the Class

The Exchange Act requires this Court to adopt a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). While the PSLRA does not provide a method for determining the relative financial interests of lead plaintiff movants, Courts of the Ninth Circuit and others have adopted the four-factor *Lax* inquiry to determine the "largest financial interest" under the PSLRA: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (*i.e.*, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (*i.e.*, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered. *See Richardson v. TVIA, Inc.*, No. C06-06304-RMW, 2007 WL 1129344 (N.D. Cal. April 16, 2007); *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Here, Movant purchased 45,000 shares of Yahoo common stock during the Class Period, spent approximately $765,000 acquiring the shares, and sold them all for $665,469.70 after disclosure of the true state of affairs, for a loss of $99,530.30. *See* Cohen Decl., Exs. B and C. Thus, Movant believes he has the largest financial interest in this case and should be appointed to serve as lead plaintiff.

### 3.      Movant Is Otherwise Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

5

3:11-cv-2732-CRB

1   §78u-4(1)(3)(B)(iii)(I)(cc).  In this regard, Rule 23(a) requires generally that the plaintiff's claims be

2   typical of the claims of the class and that the representative fairly and adequately protect the interests

3   of the class.  As detailed below, Movant satisfies the typicality and adequacy requirements of Rule

4   23(a) and is qualified to be appointed as lead plaintiff in this case.

5          The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff has:

6   (1) suffered the same injuries as the absent class members, (2) as a result of the same course of

7   conduct by defendants, and (3) their claims are based on the same legal issues.  *Hanon v.*

8   *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Armour v. Network Assoc., Inc.*, 171

9   F. Supp. 2d 1044, 1052 (N.D. Cal. 2001).  The Ninth Circuit has held that Rule 23(a)(3) should be

10  interpreted somewhat permissively and that "representative claims are 'typical' if they are

11  reasonably co-extensive with those of absent class members; they need not be substantially

12  identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1997).

13         Here, the questions of law and fact common to the members of the class that predominate

14  over questions that may affect individual class members include the following:

15              (i)     whether the Exchange Act was violated by Defendants; and

16              (ii)    whether the members of the class have sustained damages and, if so, what is

17                      the proper measure of damages.

18         As a result, there is a well-defined community of interest in the questions of law and fact

19  involved in this case.  Movant, like the rest of the putative class, acquired Yahoo securities during

20  the Class Period at prices that allegedly were artificially inflated by Defendants' wrongful conduct.

21  His claims are, therefore, based on the same legal theories and arise "from the same event or practice

22  or course of conduct that gives rise to the claims of other class members."  Newberg, *et al.*,

23  Newberg on Class Actions, §3:13 (4th ed. 2002).  Thus, the typicality requirement is satisfied.

24  *Id.*

25         The adequacy of representation prong of Rule 23(a)(4) is satisfied where it is established that

26  a representative party "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P.

27  23(a)(4); *Hanlon*, 150 F.3d at 1020.  In order to satisfy this requirement, a prospective lead plaintiff

28

1 must show that he, she, or it does not have any conflicts of interest with other class members and that

2 the plaintiff and counsel will vigorously prosecute the case. *In re Cooper Companies Inc. Sec. Litig.*,

3 254 F.R.D. 628, 636 (C.D. Cal. 2009).  The key inquiry is not whether another movant might do a

4 better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the

5 question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and

6 adequate job. *Cavanaugh*, 306 F.3d at 732.

7       Here, Movant will more than adequately represent and protect the interests of the class.  First,

8 because he purchased a significant number of shares on the open market during the Class Period,

9 Movant's interests are clearly aligned with the members of the proposed class.  Second, there is no

10 evidence of any antagonism between Movant's interests and the interests of the proposed class

11 members.  Third, as detailed above, Movant shares substantially similar questions of law and fact

12 with the members of the proposed class and his claims are typical of the members of the class.

13 Fourth, Movant's sworn Certification demonstrates his willingness to serve as, and assume the

14 responsibilities of, a class representative.  Cohen Decl., Ex. C.  Finally, Movant has taken steps that

15 will promote the protection of interests of the class by selecting proposed lead counsel who are

16 qualified, experienced and able to conduct this complex litigation in a professional manner.  *See*

17 Cohen Decl., Ex. D.  Accordingly, Movant satisfies the requirements of Rule 23 necessary for

18 appointment as lead plaintiff in this action.

19       In sum, Movant should be appointed lead plaintiff in the Action pursuant to 15 U.S.C. §78u-

20 4(a)(3)(B) because he has the largest financial interest in this Action and he satisfies the typicality

21 and adequacy requirements of Rule 23.

22     **B.**    **The Court Should Approve Movant's Choice of Counsel**

23       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

24 this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such,

25 this Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect

26 the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

27

28

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

7

3:11-cv-2732-CRB

1        Here, Movant has selected the law firm of Scott+Scott to represent the class. Scott+Scott has

2  served as lead or co-lead counsel in many high-profile securities class actions, and recovered

3  hundreds millions of dollars for investors and others harmed by corporate mismanagement. *See*

4  Cohen Decl., Ex. D. For example, Scott+Scott obtained: a settlement of $80 million for a class of

5  purchasers of Priceline stock in *In re Priceline.com Sec. Litig.*, No. 00-01844 (D. Conn.); a

6  $122 million settlement for purchasers of Mattel stock in *Thurber v. Mattel, Inc.*, No. 99-10368

7  (C.D. Cal.); and a $70 million settlement for purchases of Credit Suisse Group securities in *Cornwell*

8  *v. Credit Suisse Group*, No. 08-3758 (S.D.N.Y.). Additional securities settlements include: *In re*

9  *Emulex Corp. Sec. Litig.*, No. 01-00219 (C.D. Cal.) (settlement of $39 million); *In re Sprint Sec.*

10  *Litig.*, No. 00-230077 (Cir. Ct. Jackson County, Mo.) (settlement of $50 million); *In re Northwestern*

11  *Corp. Sec. Litig.*, No. 03-04049 (D.S.D.) (settlement of $61 million); *Irvine v. Imclone Systems, Inc.*,

12  No. 02-00109 (S.D.N.Y.) (settlement of $75 million); and *Schnall v. Annuity and Life Re (Holdings)*

13  *Ltd.*, No. 02-02133 (D. Conn.) (settlement of $27 million).

14        Scott+Scott has also successfully represented shareholders in derivative actions seeking

15  important corporate reforms. *See, e.g., In re Qwest Communications International, Inc.*, No. 02-

16  08188 (Colorado District Court, City and County of Denver) (shareholder derivative settlement

17  including significant corporate governance reforms and $25 million for the company); and *In re*

18  *Lattice Semiconductor Corp. Deriv. Litig.*, No. 043327 (Cir. Ct. Oregon) (significant monetary

19  recovery and business reforms, including termination of the then-CEO and adoption of significant

20  changes to the company's auditing, insider trading, executive compensation and other internal

21  practices). Given this track record, it cannot be disputed that Scott+Scott possesses, and will

22  commit, the financial resources, expertise and manpower necessary to successfully litigate this

23  action on behalf of lead plaintiff and the class.

24        In short, Movant's choice of lead counsel satisfies the requirements of the PLSRA and

25  Scott+Scott is ideally suited to serve as lead counsel in this litigation.

26

27

28

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD      8
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

3:11-cv-2732-CRB

## V.        CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court appoint him to serve as lead plaintiff in the Action pursuant to §27D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4, and approve Movant's selection of the law firm of Scott+Scott LLP to serve as lead counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

DATED: August 5, 2011

Respectfully submitted,
SCOTT+SCOTT LLP

/s/ Joseph D. Cohen
JOSEPH D. COHEN
JOSEPH P. GUGLIELMO
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: 212-233-6444
Facsimile: 212-223-6334
jcohen@scott-scott.com

– and –

HAL D. CUNNINGHAM
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jcohen@scott-scott.com
wnoss@scott-scott.com
hcunningham@scott-scott.com

– and –

DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone: 860-537-3818
Facsimile: 860-537-4432
drscott@scott-scott.com

*Proposed Lead Counsel for*
*Proposed Lead Plaintiff*

Jack I. Zwick
100 Church Street
Suite 850
New York, NY 10007
Telephone: 212-385-1900
Facsimile: 212-385-1911

*Counsel for Plaintiff*

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

9

3:11-cv-2732-CRB

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 5, 2011.


  /s/ Joseph D. Cohen
JOSEPH D. COHEN
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone:  212-233-6444
Facsimile:  212-223-6334
jcohen@scott-scott.com

NOTICE OF MOTION AND MOTION OF ALAN HERTZ FOR APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
3:11-cv-2732-CRB

1