Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

[Additional Counsel on Signature Page]

*Counsel for the Lead Plaintiff Movant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCE BONATO, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>   v.<br><br>YAHOO! INC., CAROL A. BARTZ and JERRY YANG,<br><br>             Defendants. | Case No.3:11-cv- 02732-CRB<br><br>NOTICE OF MOTION AND MOTION TO APPOINT PETER LEWIS AS LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: September 9, 2011<br>TIME: 10:00 a.m.<br>DEPT: CR 6, 17th Floor |
| DEBRA SALZMAN, Derivatively on Behalf of the Nominal Defendant,<br><br>             Plaintiff,<br><br>   v.<br><br>CAROL A. BARTZ and JERRY YANG,<br><br>             Defendants,<br><br>and<br><br>YAHOO! INC., a Delaware Corporation,<br><br>             Nominal Defendant | Case No. 3:11-cv- 03269-CRB |

[caption continued on next page]

| | |
|---|---|
| JANE OH, Derivatively on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROL A. BARTZ, JERRY YANG, ROY BOSTOCK, PATTI HART, SUSAN JAMES, VYOMESH JOSHI, DAVID KENNY, ARTHUR KERN, BRAD SMITH and GARY WILSON,<br><br>　　　　　　　　　Defendants,<br><br>　-and-<br><br>YAHOO! INC., a Delaware Corporation<br><br>　　　　　　　　　Nominal Defendant. | Case No. 3:11-cv-03286-CRB |
| YAHIA TAWILA, Derivatively on Behalf of YAHOO! INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROL A. BARTZ, JERRY YANG, ROY BOSTOCK, PATTI HART, SUE JAMES, VYOMESH JOSHI, DAVID KENNY, ARTHUR KERN, BRAD SMITH and GARY WILSON,<br><br>　　　　　　　　　Defendants,<br><br>　-and-<br><br>YAHOO! INC., a Delaware Corporation<br><br>　　　　　　　　　Nominal Party. | Case No.3:11-cv-03301-CRB |

[caption continued on next page]

| | |
|---|---|
| IRON WORKERS MID-SOUTH PENSION FUND, Derivatively on Behalf of YAHOO! INC., | Case No. 3:11-cv-03302- CRB |
| Plaintiff, | |
| v. | |
| CAROL A. BARTZ, JERRY YANG, ROY J. BOSTOCK, PATTI S. HART, SUSAN M. JAMES, VYOMESH JOSHI, ARTHUR H. KERN, BRAD D. SMITH, GARY L. WILSON, and JACK MA, | |
| Defendants, | |
| -and- | |
| YAHOO! INC., a Delaware Corporation, | |
| Nominal Defendant. | |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 9, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Charles R. Breyer, United States District Court, Northern District of California, San Francisco Division, Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Peter Lewis ("Lewis" or "Movant") will and hereby does move for an order appointing him Lead Plaintiff in the action against defendants Yahoo! Inc. ("Yahoo!" or the "Company"), Carol A. Bartz and Jerry Yang (collectively the "Defendants" or "Yahoo! Defendants"), pursuant to the Lead Plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel in this action.[1]

This motion is based on this Notice of Motion and Motion to Appoint Peter Lewis as Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel; Memorandum of Points and Authorities in Support Thereof (the "Motion"), the Declaration of Reed R. Kathrein in Support of this Motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this Motion.

Movant makes this Motion on the belief that Movant is the most "adequate plaintiff" as defined in the PSLRA because:

1. Movant has the largest financial interest in the relief sought by the class and has incurred substantial losses in the amount of $22,336.20 as a result of his purchase and/or acquisition of shares of Yahoo! common stock during the period April 19, 2011 to May 13, 2011; and

---

[1] The Court's Order Setting Case Management Conference requires a meet and confer of counsel prior to the filing of motions. The Movant respectfully submits that this requirement should not apply in the context of motions to appoint a Lead Plaintiff in securities cases because the Movant has no means of knowing who else may move for Lead Plaintiff making such conferences impossible.

1    2.     Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil
2    Procedure 23 ("Rule23").
3          Movant further requests that the Court approve the selection of Movant's counsel, Hagens
4    Berman as Lead Counsel for the class.  Hagens Berman is a nationally recognized law firm with
5    significant class action, fraud and complex litigation experience, and is a firm with the resources to
6    effectively and properly pursue this action.
7          For all of the foregoing reasons, Lewis respectfully requests that this Court: (1) appoint Lewis
8    to serve as Lead Plaintiff in this action; (2) approve Lewis's selection of Lead Counsel for the class;
9    and (3) grant such other and further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Movant should be appointed Lead Plaintiff in the securities class action against the Yahoo! Defendants pursuant to the Lead Plaintiff provisions of the PSLRA, codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007);

Whether the Court should approve Movant's selection of the law firm Hagens Berman to represent the class in this action, also pursuant to the Lead Plaintiff provisions of the PSLRA, codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007).

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................1

II. PROCEDURAL HISTORY .........................................................................................................1

III. SUMMARY OF FACTS .............................................................................................................2

IV. ARGUMENT ...............................................................................................................................3

    A. Lewis Should Be Appointed Lead Plaintiff................................................................3

        1. The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of Lewis ...........................................................................................3

        2. Lewis Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff .............................................................................................................4

        3. Lewis Has the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff .........................................................5

        4. Lewis Satisfies the Requirements of Rule 23 ......................................................5

    B. This Court Should Approve Lewis's Choice of Lead Counsel .....................................8

V. CONCLUSION .............................................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Lewis hereby moves to be appointed Lead Plaintiff in this action against the Yahoo! Defendants pursuant to the Lead Plaintiff provisions of the PSLRA, codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firm Hagens Berman as Lead Counsel in this action.

Lewis understands his duties and responsibilities to the class, and is willing and able to oversee the vigorous prosecution of this action. As described in the certification attached as Exhibit A to the Kathrein Declaration[2], Lewis has suffered a loss of $22,336.20 as a result of Movant's purchase and/or acquisition of common stock of Yahoo!. To the best of Movant's knowledge, Lewis has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff. In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification demonstrates the intent to serve as Lead Plaintiff in this litigation, including Movant's cognizance of the duties of serving in that role.[3]

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Rule 23 and is presumptively the "most adequate plaintiff." Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve Movant's selection of the law firm Hagens Berman as Lead Counsel.

## II. PROCEDURAL HISTORY

The first related lawsuit against the Yahoo! Defendants, *Bonato v. Yahoo! Inc. et al.*, No. 3:11-cv-2732-CRB, was filed on June 6, 2011, in the Northern District of California by Vince

---

[2] "Kathrein Decl." or "Kathrein Declaration" refers to the Declaration of Reed R. Kathrein in Support of Motion to Appoint Peter Lewis as Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel, filed concurrently herewith.

[3] The relevant federal securities laws specifically authorize any class member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See*, 15 U.S.C. § 77z-l(a)(3)(B)(i)(claims under the Securities Act) and 15 U.S.C. § 78u-4(a)(3) (claims under the Exchange Act). A copy of Lewis's certification demonstrating his transactions in Yahoo! common stock is attached as Exhibit A to the Kathrein Declaration.

Bonato (the "Complaint" or "Bonato Complaint"), individually and on behalf of all persons or entities that purchased or otherwise acquired Yahoo! common stock between April 19, 2011 and May 13, 2011, inclusive (the "Class Period"). The gravamen of the Complaint is Defendants' violation of the Exchange Act. Specifically, the Complaint arises out of Defendants' issuance or allowing the issuance of materially false and misleading statements, in direct violation of the Exchange Act. These misrepresentations and omissions resulted in the damages suffered by Lewis and the other members of the class.

The same day that his Complaint was filed on June 6, 2011, Bonato published a notice of pendency over the national wire service, *Business Wire*, informing investors that this case was filed and that they had 60 days to seek appointment as Lead Plaintiff. Kathrein Decl., Ex. B. That notice advised class members of the existence of the lawsuit and described the claims asserted.

In addition to the Bonato Complaint, four other related cases were filed before this Court. Each of the related cases is a derivative case on behalf of Yahoo!.[4] By Related Case Order dated July 19, 2011, the Court noted that all of these cases are related. While the related derivative cases stem from the same course of conduct, consolidation of the derivative cases with the Bonato Complaint, a securities class action case, would not be appropriate. *See*, *In re Bank of America Corp. Sec., Derivative and ERISA Litig.*, 258 F.R.D. 260, 267-268 (S.D.N.Y. 2009) (permitting securities class action and derivative cases to proceed on separate tracks).

Consistent with the terms of the PSLRA, Movant timely filed this motion for appointment as Lead Plaintiff within 60 days from the publication of the notice of pendency of the action in the *Business Wire* press release.

### III.  SUMMARY OF FACTS

The securities class action charges that Yahoo! and certain officers of Yahoo! mislead investors. It is alleged that Defendants issued materially false and misleading statements regarding the Company's business prospects. Specifically, Defendants failed to disclose that an important corporate asset in China had been transferred at much less than market value. As a result of

---

[4] The Derivative Cases are: *Salzman v. Bartz, et al.*, No. 3:11-cv-03269-CRB; *Oh v. Bartz, et al.*, No. 3:11-cv-03286-CRB; *Tawila v. Bartz,et al.*, No. 3:11-cv-03301-CRB; and *Iron Workers Mid-South Pension Fund v. Yahoo! Inc., et al.*, No. 3:11-cv-03302-CRB.

Defendants' false statements and omissions, Yahoo!'s stock traded at artificially inflated prices during the Class Period, reaching a high of $18.65 per share on May 6, 2011.

On May 10, 2011, the Complaint alleges, Yahoo! shareholders learned for the first time that the Company's $1 billion investment in a strategic partnership with Alibaba Group Holdings Limited ("Alibaba"), China's largest e-commerce company, likely had been severely impaired by the misappropriation of Alibaba's most valuable asset, Alipay, an e-commerce payment system, from Alibaba to another private company controlled by Alibaba's Chairman, Jack Ma. On May 15, 2011, Yahoo! issued a press release regarding Alipay, stating that Alibaba and its major stockholders, Yahoo! and SoftBank Corporation, were "engaged in and committed to productive negotiations to resolve the outstanding issues related to Alipay in a manner that serves the interests of all shareholders as soon as possible." According to news reports, Alibaba received only $46 million for Alipay's assets, which securities analysts valued at $5 billion. On this news, Yahoo!'s stock collapsed $0.87 per share from its opening price to close at $15.81 per share on May 16, 2011 – a decline of 15% from its Class Period high of $18.65 per share.

According to the Complaint, the true facts, which were known by the Defendants but concealed from the investing public during the Class Period, were as follows: (a) Yahoo! management had been informed on March 31, 2011, at the latest, that Alipay's structure had been shifted from Alibaba, reducing the value of Yahoo!'s investment in Alibaba by billions of dollars; and (b) Chinese regulations regarding foreign ownership had been anticipated to change as far back as 2009, which would require Yahoo! or Alibaba to divest themselves of Alipay, but Yahoo! had failed to develop a strategy to recover the value it had in Alibaba.

### IV.     ARGUMENT

**A.     Lewis Should Be Appointed Lead Plaintiff**

**1.     The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of Lewis**

The PLSRA charges the Court with determining which lead plaintiff movant is most capable of adequately representing the class. The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members . . . in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" is presumed to be the person that:

> The most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) ***in the determination of the court, has the largest financial interest in the relief sought by the class; and***
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, Lewis is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed class. Lewis has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the class. Consequently, this Court should appoint Lewis as Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the class.

**2.     Lewis Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The PSLRA requires investors to file their motions to be appointed as Lead Plaintiff within 60 days after notice is published. The plaintiff in the first-filed action published a notice on *Business Wire*, a national business-oriented wire service, on June 6, 2011. Lewis filed his motion 60 days after the notice was published. Accordingly, Lewis satisfied the requirement of 15 U.S.C. § 77z1(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), by filing this motion within the 60-day time period requirement.

Moreover, Lewis has sustained a substantial loss from his investment in Yahoo! common stock and has shown his willingness to represent the class by signing a certification detailing his Yahoo! transactional information. Kathrein Decl., Ex. A. As demonstrated by this certification, Lewis is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of the litigation, with the benefit of counsel's advice. In addition, Lewis has selected and retained highly competent counsel to represent the class with significant experience in securities class action litigation. Kathrein Decl., Ex. C.

### 3. Lewis Has the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff

As a result of Lewis's purchases of Yahoo! common stock throughout the Class Period, he has suffered losses of $22,336.20. Kathrein Decl., Ex. D. Lewis believes he has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 77z-l(a)(3)(B)(iii)(I)(bb). "'So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .'" *Ferrari v. Gisch,* 225 F.R.D. 599, 603 (C.D. Cal. 2004) (citing *In re Cavanaugh* 306 F.3d 726, 732 (9th Cir. 2002)). Lewis, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

### 4. Lewis Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provides that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Rule 23(a). *Siegall v. Tibco Software, Inc.*, No. C 05-2146, 2006 U.S. Dist. LEXIS 26780, at *14-*15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors."). This Court's analysis of any other requirements of Rule 23 as it relates to class certification should be deferred until the Lead Plaintiff moves for class certification. *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31, 2006 U.S. Dist. LEXIS 40607, at *15-*16 (C.D. Cal. May 2, 2006) ("At the lead plaintiff appointment stage, the

Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Lewis satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

### a. Lewis's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties are typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. C 03-03709, 2005 U.S. Dist. LEXIS 41396, at \*13 (N.D. Cal. Aug. 10, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because Lewis's claims are identical to the claims of the other class members. Lewis and all the members of the class purchased Yahoo! common stock when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Lewis and the class members suffered damages as a result of these purchases. Simply put, Lewis, like all the other class members: (1) purchased Yahoo! common stock; (2) purchased Yahoo! common stock at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Lewis's claims and injuries "arise from the same event or course of conduct that [gave] rise to the claims of other class members." *Crossen*, 2005 U.S. Dist. LEXIS, 41396 at \*13-\*14.

Moreover, Lewis is not subject to any unique or special defenses. Thus, Lewis meets the typicality requirement of Rule 23 because Movant's claims are the same as the claims of the other class members.

### b. Lewis Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a "'sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Miller v. Ventro Corp.*, No. C 01-01287, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D Cal. Nov. 28, 2001) (citing *Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)). As described below, Lewis will adequately represent the interests of the class.

Lewis's interests are clearly aligned with the members of the class because Movant's claims are identical to the claims of the class. There is no evidence of antagonism between Lewis's interests and those of proposed class members. Furthermore, Lewis has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Movant's identical interest with the members of the class, clearly shows that Lewis will adequately and vigorously pursue the interests of the class. In addition, Lewis has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of Lewis's common interests with the class members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Lewis not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Lewis is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[5]

---

[5] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and (II) and § 78u-1(a)(3)(B)(iii)(I) and (II). Lewis meets the presumption of adequacy.

MOT. TO APPOINT LEAD PL. & APPROVE PROP. LEAD PL.'S
SELECTION OF COUNSEL – No. 3:11-cv-02732-CRB         - 7 -

**B.     This Court Should Approve Lewis's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-l(a)(3)(B)(iii)(II)(aa) and§ 78u-l(a)(3)(B)(iii)(II)(aa). Lewis has selected Hagens Berman to serve as Lead Counsel for the class. This firm has not only prosecuted complex securities fraud actions, but has successfully prosecuted many other types of complex cases. Kathrein Decl., Ex. C. This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

## V.     CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Lewis to serve as Lead Plaintiff in this action; (2) approve Lewis's selection of Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: August 5, 2011                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:  _____/s/ Reed R. Kathrein_____
         REED R. KATHREIN

Peter E. Borkon (212596)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 Fifth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Lead Plaintiff Movant Peter Lewis*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted in the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      /s/ Reed R. Kathrein
REED R. KATHREIN

# Mailing Information for a Case 3:11-cv-02732-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mark R.S. Foster**
  mfoster@mofo.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Iron Workers Mid-South Pension Fund**
  notice@robbinsumeda.com

- **Brian J. Robbins**
  notice@robbinsumeda.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Samuel S. Song**
  ssong@mofo.com,cburns@mofo.com,avickery@mofo.com

- **David Conrad Walton**
  davew@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)