ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER (201197)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
cseefer@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE BONATO, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>YAHOO! INC., et al.,<br><br>               Defendants. | No. 11-cv-02732-CRB<br><br>CLASS ACTION<br><br>THE PENSION TRUST FUND FOR OPERATING ENGINEERS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:      September 9, 2011<br>TIME:      10:00 a.m.<br>CTRM:    6 |

642340_1

**NOTICE OF MOTION AND MOTION
AND STATEMENT OF COURT ACTION SOUGHT**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on September 9, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the Honorable Charles R. Breyer, the Pension Trust Fund for Operating Engineers (the "Pension Trust Fund") will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing the Pension Trust Fund as lead plaintiff; and (2) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel. This Motion is made on the grounds that the Pension Trust Fund is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, the Pension Trust Fund respectfully submits herewith a Memorandum of Law and Declaration of Danielle S. Myers ("Myers Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending in this district is a securities class action lawsuit on behalf of all purchasers of Yahoo! Inc. ("YHOO" or the "Company") common stock between April 19, 2011 and May 13, 2011 (the "Class Period") against YHOO, the Company's CEO Carol A. Bartz, and Chief Yahoo and director Jerry Yang for violations of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the PSLRA requires district courts to "consider any motion made by a purported class member" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Pension Trust Fund should be appointed as lead plaintiff because: (1) it timely filed this Motion; (2) to its counsel's knowledge, it has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Trust Fund's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

642340_1

THE PENSION TRUST FUND FOR OPERATING ENGINEERS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 11-cv-02732-CRB                                                          - 1 -

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether the Court should appoint the Pension Trust Fund as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.   Whether the Court should approve of the Pension Trust Fund's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.   STATEMENT OF FACTS

YHOO operates as a digital media company that delivers personalized digital content and experiences across devices and worldwide.  The Company's communications and communities offerings provide a range of communication and social services to users and small businesses across various devices and through its broadband Internet access partners.  Its search and marketplace offerings provide answers to users' information needs by delivering meaningful search, local, and listings experiences on the search results page and across YHOO.

The Complaint alleges that defendants issued materially false and misleading statements regarding the Company's business and financial results during the Class Period.  Specifically, defendants failed to disclose that an important corporate asset in China had been transferred at much less than market value.  As a result of defendants' false statements, YHOO's stock traded at artificially inflated prices during the Class Period, reaching a high of $18.65 per share on May 6, 2011.

On May 10, 2011, YHOO shareholders learned for the first time that the Company's $1 billion investment in a strategic partnership with Alibaba Group Holdings Limited ("Alibaba"), China's largest e-commerce company, was severely impaired by the misappropriation of Alibaba's most valuable asset, Alipay, an e-commerce payment system, from Alibaba to another private company controlled by Alibaba's Chairman, Jack Ma.

On May 15, 2011, YHOO issued a press release entitled "Joint Statement from Alibaba Group and Yahoo! Inc. Regarding Alipay," which stated in part:

> "Alibaba Group, and its major stockholders Yahoo! Inc. and Softbank Corporation, are engaged in and committed to productive negotiations to resolve the outstanding issues related to Alipay in a manner that serves the interests of all shareholders as soon as possible."

642340_1

THE PENSION TRUST FUND FOR OPERATING ENGINEERS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 11-cv-02732-CRB                                        - 2 -

1    On this news, YHOO's stock fell $0.74 per share to close at $15.81 per share on May 16,

2    2011 – a decline of 15% from its Class Period high of $18.65 per share.

3    According to news reports, Alibaba received only $46 *m*illion for Alipay's assets, which

4    securities analysts valued at between $5 and $15 *b*illion.  The true facts, which were known by the

5    defendants but concealed from the investing public during the Class Period, were as follows: YHOO

6    management had been informed on March 31, 2011, at the latest, that Alipay's structure had been

7    shifted from Alibaba, reducing the value of YHOO's investment in Alibaba by billions of dollars;

8    and Chinese regulations regarding foreign ownership had been anticipated to change as far back as

9    2009, which would require YHOO or Alibaba to divest themselves of Alipay, but YHOO had failed

10   to develop a strategy to recover the value it had in Alibaba.

11   YHOO's stock traded at artificially inflated levels during the Class Period because of

12   defendants' false statements.  As the truth began to leak into the market, YHOO's artificially inflated

13   stock declined by 15% (and has continued to decline).  These revelations, and the elimination of the

14   artificial inflation from YHOO's stock price, caused real economic loss to investors who purchased

15   YHOO common stock at artificially inflated prices during the Class Period.

16   **IV.    ARGUMENT**

17   **A.    The Pension Trust Fund Should Be Appointed Lead Plaintiff**

18   The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private

19   action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

20   Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the

21   pendency of the action must be publicized in a widely circulated national business-oriented

22   publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

23   4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most

24   adequate plaintiff is the person or group of persons that –

25   (aa) has either filed the complaint or made a motion in response to a notice . . .;

26   (bb) in the determination of the court, has the largest financial interest in the relief
     sought by the class; and

27

28   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
     Procedure.

642340_1

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).   The Pension Trust Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1.   This Motion Is Timely

The notice published in this action on June 6, 2011 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from June 6, 2011, or August 5, 2011.  *See* Myers Decl., Ex. A.  Because this motion is timely filed, the Pension Trust Fund is entitled to be considered for appointment as lead plaintiff.

### 2.   The Pension Trust Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Trust Fund expended more than $5.5 million purchasing almost 300,000 shares of YHOO stock at artificially inflated prices as high as $18.69 per share and suffered harm of more than $700,000 as the price of YHOO stock fell to $15.81 on May 16, 2011.  *See* Myers Decl., Ex. B.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Pension Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   The Pension Trust Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v.*

642340_1

THE PENSION TRUST FUND FOR OPERATING ENGINEERS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 11-cv-02732-CRB                                                                 - 4 -

1  *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy

2  requirement is met if no conflicts exist between the representative and class interests and the

3  representative's attorneys are qualified, experienced and generally able to conduct the litigation.

4  Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  The Pension Trust

5  Fund satisfies these requirements at this stage of the litigation.

6      The Pension Trust Fund has submitted a sworn certification confirming its desire, willingness

7  and ability to serve as lead plaintiff.  *See* Myers Decl., Ex. B; *see also* Local Rule 3-7(c).  Like all

8  class members, the Pension Trust Fund purchased YHOO stock during the Class Period at allegedly

9  inflated prices and suffered damages when defendants' misconduct came to light.  The Pension Trust

10  Fund's substantial financial interest indicates that it has the incentive to represent the claims of the

11  class vigorously.  *Id.*  Moreover, the Pension Trust Fund is not subject to unique defenses and is not

12  aware of any conflicts between its claims and those asserted by the class.  Finally, as discussed

13  below, the Pension Trust Fund has selected qualified counsel experienced in securities litigation.

14      The Pension Trust Fund's common interests shared with the class, its substantial financial

15  interest and its selection of qualified counsel demonstrates that the Pension Trust Fund *prima facie*

16  satisfies the Rule 23 inquiry at this juncture.

17      **B.      The Court Should Approve the Pension Trust Fund's Selection of Counsel**

18      The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

19  the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead

20  plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C.

21  §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th

22  Cir. 2009).

23      Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex

24  litigation, particularly securities litigation.  *See* Myers Decl., Ex. C.  District courts throughout the

25  country, including this Court, have noted Robbins Geller's reputation for excellence, which has

26  resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class

27  action securities cases.  *See, e.g., Eichenholtz v. Verifone Holdings, Inc.*, 2008 U.S. Dist. LEXIS

28

1  64633, at *39 (N.D. Cal. 2008) (Patel, J.) (finding Robbins Geller lawyers "to be qualified,

2  experienced, and competent to pursue the class' claims"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d

3  732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of

4  the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in

5  securities class actions, if not the preeminent one, in the country").  As such, the Court may be

6  assured that in the event this Motion is granted, the members of the class will receive the highest

7  caliber of legal representation available from Robbins Geller.  Accordingly, the Pension Trust

8  Fund's selection of counsel should be approved.

9  **V.     CONCLUSION**

10         The Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as

11  lead plaintiff.  As such, the Pension Trust Fund respectfully requests that the Court appoint it as Lead

12  Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and

13  proper.

14  DATED:  August 5, 2011                    Respectfully submitted,

15                                            ROBBINS GELLER RUDMAN
                                               & DOWD LLP
16                                            DARREN J. ROBBINS
                                              DANIELLE S. MYERS
17

18                                            _____
                                                    s/ Danielle S. Myers
19                                               DANIELLE S. MYERS

20                                            655 West Broadway, Suite 1900
                                              San Diego, CA  92101
21                                            Telephone:  619/231-1058
                                              619/231-7423 (fax)
22
                                              ROBBINS GELLER RUDMAN
23                                             & DOWD LLP
                                              CHRISTOPHER P. SEEFER
24                                            Post Montgomery Center
                                              One Montgomery Street, Suite 1800
25                                            San Francisco, CA  94104
                                              Telephone:  415/288-4545
26                                            415/288-4534 (fax)

27                                            [Proposed] Lead Counsel for Plaintiff

28
THE PENSION TRUST FUND FOR OPERATING ENGINEERS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM
OF LAW IN SUPPORT THEREOF - 11-cv-02732-CRB                                                      - 6 -

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 5, 2011.

                                        s/ DANIELLE S. MYERS
                                        DANIELLE S. MYERS

                                        ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                        655 West Broadway, Suite 1900
                                        San Diego, CA 92101-3301
                                        Telephone: 619/231-1058
                                        619/231-7423 (fax)

                                        E-mail: dmyers@rgrdlaw.com

642340_1

# Mailing Information for a Case 3:11-cv-02732-CRB

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mark R.S. Foster**
  mfoster@mofo.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Iron Workers Mid-South Pension Fund**
  notice@robbinsumeda.com

- **Brian J. Robbins**
  notice@robbinsumeda.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Samuel S. Song**
  ssong@mofo.com,cburns@mofo.com,avickery@mofo.com

- **David Conrad Walton**
  davew@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)